IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:16cr145-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER OF FORFEITURE |
| | ) | |
| (1) RICKY CARLOS GRANT | ) | |

THIS MATTER is before the Court on the United States of America's Motion for a Preliminary Order of Forfeiture for the $7,030 in United States currency seized on May 12, 2016 during the apprehension of Defendant Grant ("the Currency"). (Doc. No. 198).

The United States bases its Motion on 21 U.S.C. § 853(a)(1) and (2), Fed. R. Crim. P. 32.2(b); the plea of guilt on Count Two, (Doc. No. 157: Acceptance and Entry of Guilty Plea); and the Verdict of guilt on Counts One and Four, (Doc. No. 162). The United States contends that the Currency is subject to forfeiture because it constitues proceeds of crime and property used or intended to be used to commit crime. For good cause and based on the preponderance of the evidence, this Court GRANTS the Motion.

In support of granting the Motion, the Court FINDS AS FOLLOWS:

**BACKGROUN**D

On January 18, 2017, a Grand Jury in the Western District of North Carolina returned a Third Superseding Indictment, (Doc. No. 68; "the Indictment"), against Defendant Grant and others, charging them with controlled substance conspiracy, substantive controlled substance, and firearms offenses. Pertinent to the Government's Motion and forfeiture of the Currency, Count

1

One charged Defendant with engaging in conspiracy, from at least 2013 through January 2017, to distribute heroin in violation of 21 U.S.C. § 846. Further, Count Two charged Defendant with distribution and possession with intent to distribute heroin on or about April 11, 2016, in violation of 21 U.S.C. § 841. The Indictment also included a Notice of Forfeiture and Finding of Probable Cause whereby the Grand Jury found probable cause for forfeiture of a variety of items, including the Currency.[1]

Defendant ultimately pled guilty, (Doc. No. 157), to the Count Two distribution offense. In addition, following a multi-day jury trial, a jury returned a Verdict of Guilt, (Doc. No. 162), on, among other offenses, the Count One conspiracy offense. Defendant waived a jury on forfeiture, permitting the Court to decide the issue. Thus, the Government submits its Motion for decision by the Court.

As set forth in the Affidavit of Drug Enforcement Administration ("DEA") Task Force Officer ("TFO") Clint Bridges, which is affixed to the Motion, (Doc. No. 198-1), law enforcement seized the Currency on or about May 12, 2016. Law enforcement seized the Currency during the course of the arrest of Defendant for drug trafficking charges. At the time of his arrest, Defendant was at a hotel and accompanied by an individual identified herein as AJ. Law enforcement found the Currency, along with a cell phone, inside an oatmeal box in a vehicle registered to AJ. Inside the vehicle, law enforcement also found a lease signed by AJ for an apartment in Marietta, Georgia—an apartment that AJ was apparently obtaining for Defendant. Further, outside of the vehicle law enforcement found marijuana. Under these circumstances, the Currency is subject to

---

[1] Although the Indictment lists a variety of firearms and items subject to forfeiture, this Motion only addresses the Currency. The Government advises that the other items have either already been administratively or judicially forfeited, or will be addressed in other pleadings as to other defendants.

2

forfeiture.

## MEMORANDUM OF LAW

Fed. R. Crim. P. 32.2(b)(1) provides for preliminary forfeiture of property upon a court finding of a nexus, or connection, between the property and violations on which a defendant is convicted. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B); *see, e.g., United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013) (approving use of information and trial record in fraud proceeds case). Circumstantial evidence may form a basis for forfeiture. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Title 21 U.S.C. § 853(a)(1) provides for forfeiture of property "constituting, or derived from, any proceeds the [defendant] obtained, directly or indirectly, as the result of" violations such as those charged in Counts One and Two. In addition, Title 21 U.S.C. § 853(a)(2) provides for forfeiture of property "used or intended to be used, in any manner or part, to commit, or to facilitate the commission of" drug crimes such as those charged in Counts One and Two.

Here, Sections 853(a)(1) and (2) are satisfied by the preponderance of the evidence. First, the Grand Jury found probable cause for forfeiture of the Currency. Second, Defendant pled guilty to the Count Two offense—which took place shortly before his apprehension and the seizure of the Currency, leading to the conclusion that the Currency was proceeds of and intended to facilitate or did facilitate the Count Two offense. Third, following a multi-day trial and the presentation of evidence by the Government, a jury found Defendant guilty of the Count One

3

offense. The Count One offense took place over a long period of time, was financially lucrative, and preceded the seizure of the Currency, leading to the conclusion that the Currency was proceeds of and intended to facilitate or did facilitate the Count One offense. Fourth, the sentencing materials reflect a long criminal history of Defendant and sparse detail or proof of legitimate income earned by him. Finally, TFO Bridges has set forth in his Affidavit the circumstances under which the Currency was packaged and seized. Specifically, law enforcement seized the Currency at the conclusion of the narcotics conspiracy and, when law enforcement found the Currency, it was secreted in an oatmeal box in a vehicle in which Defendant was travelling, apparently with a controlled substance. Under these circumstances, the Currency is proceeds of the offenses and/or property used or intended to be used to facilitate the offenses.

**IT IS, THEREFORE, ORDERED:**

1. Based upon Defendant's convictions, the trial evidence, the Verdict, and the sentencing record, the United States is authorized to take and maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein: **$7,030 in United States currency seized on May 12, 2016 during the apprehension of Defendant Grant.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall

state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no petitions are timely filed, this Order shall become final by operation by law as set forth in Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

Signed: October 11, 2017

Robert J. Conrad, Jr.
United States District Judge