# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:20-cv-00078-RJC
## (3:16-cr-00145-RJC-1)

| | | |
|---|---|---|
| RICKY CARLOS GRANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.     BACKGROUND

On January 18, 2017, Petitioner was charged in a Bill of Indictment with one count of conspiracy with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); two counts of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two and Three); one count of possession with intent to distribute heroin in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Four); and one count of possession of a firearm in furtherance of a drug trafficking crime, that is, the conspiracy set forth in Count One, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Seven). [CR Doc. 68: Third Superseding Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00078-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:16-cr-00145-RJC-1.

Petitioner pleaded guilty without a plea agreement to Counts Two and Three and proceeded to trial on Counts One, Four, and Seven. A jury found Petitioner guilty on these three remaining counts. [CR Doc. 162: Jury Verdict]. Prior to Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 200: PSR]. In the PSR, the probation officer recommended a Total Offense Level (TOL) of 35 and a Criminal History Category of VI, which yielded a guidelines range of imprisonment of 292 to 365 months, followed by a mandatory consecutive sentence of 60 months under 18 U.S.C. § 924(c). [Id. at ¶¶ 37, 68, 120]. The TOL included a career offender enhancement under Chapter Four of the guidelines, U.S.S.G. § 4B1.1(c)(2), based on Petitioner's two prior felony drug convictions for possession with intent to sell or deliver cocaine, 05CRS201898, and attempted cocaine trafficking, 09CRS20443. [Id. at ¶ 34]. Petitioner objected to the application of the career offender guideline, arguing that the conviction in 05CRS201898 is not a qualifying conviction because Petitioner was not sentenced to over a year in prison. [Id. at 31]. In response, the Government argued that given Petitioner's Prior Record Level of IV at the time of conviction, that conviction was for a crime punishable by imprisonment for a term exceeding one year. [Id.]. The Government also argued that, "based on evidence adduced at trial and in discovery, the [Petitioner] began selling heroin as charged in Count One 15 months prior to April 2016, or approximately January 2015." Therefore, Petitioner's "September 23, 2005 conviction for Possession with Intent to Sell/Deliver Cocaine (05CRS201898) was imposed within ten years of [Petitioner's] commencement of the instant offense, and thus should be counted towards the criminal history calculation of the PSR pursuant to U.S.S.G. § 4A1.1(b)." [Id. at 31-32]. The probation officer found that, "[p]ursuant to the North Carolina Structured Sentencing Table effective 12/1/1995, [Petitioner] was convicted of a Class H

felony and subject to a maximum imprisonment of 11-14 months. Therefore, this conviction *does* count as a qualifying conviction for career offender." [Id. at 32].

At sentencing, the Court overruled Petitioner's objection to the career offender enhancement. [CR Doc. 220 at 1: Statement of Reasons]. The Court, however, did vary downward from the recommended guideline range, finding that the career offender guideline overstated that seriousness of the offense because the 2005 conviction "barely came within the 10[-]year time frame." [Id. at 3]. The Court found that the statutory minimum sentence of 240 months plus the mandatory consecutive sentence of 60 months was sufficient but not greater than necessary. [Id.]. The Court, therefore, sentence Petitioner to a term of imprisonment of 240 months on each of Counts One, Two, Three, and Four, to be served concurrently, and a term of imprisonment of 60 months on Count Seven, to be served consecutively to the term imposed on the other counts, for a total term of imprisonment of 300 months. [CR Doc. 219 at 2: Judgment]. Judgment on Petitioner's conviction was entered on November 10, 2017. [Id.]. Petitioner appealed his jury convictions and 300-month sentence. United States v. Grant, 761 Fed. App'x 164 (4th Cir. 2019).

On appeal, Petitioner argued that this Court (1) erred in denying Plaintiff's motion to suppress evidence because his admissions to police were given absent Miranda warnings and under circumstances that were calculated to undermine his free well, (2) erred in admitting impermissible expert testimony; and (3) erred in designating Petitioner as a career offender. Grant, 761 Fed. App'x 164. The Fourth Circuit affirmed this Court's judgment, finding no reversible error on Petitioner's evidentiary arguments and holding that this Court did not "clearly err" in considering the 2005 conviction a predicate offense and applying the career offender enhancement. Id.

Petitioner timely filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [CV Doc. 1]. As grounds, Petitioner argues that (1) there was insufficient evidence to

support the finding a conspiracy with the alleged co-conspirators; (2) there was insufficient evidence to support the convictions on Counts Four and Seven; (3) "cautionary instructions were never given to safe guard [Petitioner's] due process rights nor was cautionary instructions given as to note confuse the jury when dual testimony were given at the same time in the same proceeding as to different types of testimony;" and (4) "career offender 4B1.1 4B1.2 requirements were never met to sustain the 2005 conviction to be used as a predicate offense to enhance to carreer [*sic*] offender." [Id. at 4-7].

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

A § 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 Fed. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Futility does not establish cause to excuse procedural default. See Whiteside

v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting the "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review").

To show actual prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F. 3d 579, 584 (4th Cir. 2014). Actual innocence is based on factual innocence and "is not satisfied by a showing that a petitioner is legally, but not factually, innocent." See Mikalajunas, 186 F.3d at 494.

Here, Petitioner could have raised the first three grounds for relief related to evidentiary issues and the conduct of the trial on direct appeal and failed to do so. Further, Petitioner has not argued or shown cause and prejudice or actual innocence. See Bousley, 523 U.S. at 621-22. Because Petitioner has not shown cause, prejudice, or actual innocence to excuse his procedural default, these claims for relief will be dismissed.

As to the fourth ground for relief, which regards the career offender enhancement, Petitioner appealed this issue and the Fourth Circuit affirmed this Court's application of the enhancement. Issues fully considered on direct appeal from a conviction may not be "recast under the guise of a collateral attack" by way of motion to vacate under § 2255. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). As such, the Court will also dismiss this claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2.    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: May 18, 2020

Robert J. Conrad, Jr.
United States District Judge